```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
McINTOSH COUNTY BANK, ET AL.,

                    Plaintiffs,
                                                      ORDER
          -against-                         03-CV-6181(JS)(ARL)

PARK PLACE ENTERTAINMENT CORPORATION,
CLIVE CUMMIS, IVAN KAUFMAN and WALTER
HORN,

                    Defendants.
----------------------------------------x
APPEARANCES:
For Plaintiffs:          Thomas Philip Puccio, Esq.
                         Law Offices of Thomas P. Puccio
                         230 Park Avenue, Suite 301
                         New York, New York 10169

                         John P. Gallagher, Esq.
                         Stites & Harbison, PLLC
                         303 Peachtree Street N.E.
                         2800 SunTrust Plaza
                         Atlanta, Georgia 30308

For Defendants:
Park Place Entertainment
Corp. and Clive Cummis:  Jonathan Hoff, Esq.
                         Cadwalader Wickersham & Taft LLP
                         100 Maiden Lane
                         New York, New York 10038

Ivan Kaufman and
Walter Horn:             Andrew J. Levander, Esq.
                         Dechert LLP
                         30 Rockefeller Plaza
                         New York, New York 10112
```

SEYBERT, District Judge:

Pending before this Court is a motion for reconsideration by Defendants Ivan Kaufman ("Kaufman") and Walter Horn ("Horn")(collectively, "Defendants"). Defendants assert that reconsideration is appropriate because in denying their motion to

dismiss this Court failed to consider their alternative argument. This Court disagrees.

Legal Standard

Local Civil Rule 6.3 provides that:

> A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

LOCAL CIV. R. 6.3. In considering such a motion, the standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256–57 (2d Cir. 1995)(citations omitted). This Court cannot merely consider the same arguments that were previously fully briefed. See Ruiz v. Commissioner of the D.O.T. of the City of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988). This Court must find that it overlooked facts or controlling precedent which "would have mandated a different result." Bell Sports, Inc. v. System Software Assocs., 71 F. Supp. 2d 121, 126 (E.D.N.Y. 1999)(quoting Durant v. Traditional Investments, Ltd., No. 88-CV-9048, 1990 U.S. Dist. LEXIS 4768, at *1 (S.D.N.Y. April 25, 1990)).

2

It is within this standard that the Court considers the instant motion for reconsideration.

Discussion

Defendants argue that this Court failed to consider their alternative argument that "Kaufman and Horn had no involvement with either Park Place or the Tribe after April 2000, when the Tribe terminated the Management Agreement" and, therefore, can have no liability for the injury resulting in 2001. According to the Defendants, this Court did not specifically address this issue in the March 31, 2005 Order ("March Order"). Plaintiffs contend that the Court did consider this position in its March Order and, therefore, the instant reconsideration motion must fail.

In the March Order the Court found that Plaintiffs' averments were sufficient to defeat the motion to dismiss. See March Order at 15-16. Implicitly, the Court found that Defendants could be liable for tortious interference with contract by causing injury in 2001 even though Kaufman and Horn were not involved after 2000. See Cary Oil Co. v. MG Ref. & Mktg., Inc., 90 F. Supp. 2d 401, 419 (S.D.N.Y. 2000) ("A cause of action for tortious interference with contract accrues at the time the injury is sustained, rather than the date of defendant's alleged wrongful conduct or the date of breach."). Despite the fact that Defendants Kaufman and Horn were not involved in 2001, the Court finds that the tortious interference with contract action has been adequately

3

pled.  There is no reason to depart from this Court's prior findings and, thus, the motion for reconsideration is DENIED.

                                        SO ORDERED

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated: May 23, 2005
       Central Islip, New York